JS - 6

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTIN CORONA OLMOS<br><br>Plaintiff,<br><br>v.<br><br>RESIDENTIAL CREDIT SOLUTIONS, INC., FIRST AMERICAN TITLE INSURANCE COMPANY, and DOES 1-50, inclusive,<br><br>Defendants. | CASE NO. SACV 14-1202 AG (MRWx)<br><br>**ORDER GRANTING MOTION TO REMAND** |

The pending Motion to Remand focuses on determining the amount in controversy to establish diversity jurisdiction. Our founders created diversity jurisdiction in the federal courts to avoid interstate biases. *See Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1157 (C.D.Cal 2009). This worthy goal comes at the cost of denying state trial and appellate courts the chance to determine matters of state law. Appropriately, federal courts must "'jealously' guard their own jurisdiction." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F.Supp.2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney*, 841 F.2d 1003, 1006 (9th Cir. 1988)). The $75,000 threshold for diversity jurisdiction ensures that federal courts are not venues for "petty controversies" involving matters of state law. Erwin Chemerinsky, *Federal Jurisdiction* 328 (6th ed. 2012) (citing S. Rep. No. 1830, 85th Cong., 2d Sess.) Many cases concerning California's home finance laws are removed to federal court, almost never due to

interstate bias, and these cases often require careful review about whether the $75,000 threshold has been met. Here, the threshold has not been met, and the case is therefore REMANDED.

Plaintiff Martin Corona Olmos ("Plaintiff") chose to file this lawsuit in state court against Defendants Residential Credit Solutions, Inc. ("RCS") and First American Title Insurance Co. ("FATCO"). Plaintiff alleges that Defendants violated state law by recording a Notice of Default on Plaintiff's home loan while Plaintiff's application for a loan modification was still pending. Plaintiff seeks damages and injunctive relief. RCS removed the case to this Court claiming diversity jurisdiction. Plaintiff filed this Motion to Remand.

Preliminarily, RCS filed a request for judicial notice of some documents that is GRANTED because the documents are recorded in the official records of the Orange County Recorder.

Cases filed in state court may be removed to federal court if the federal court would have had original jurisdiction. 28 U.S.C. § 1441(a). Federal courts have original jurisdiction over all civil actions between citizens of different states where the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. Upon a plaintiff's motion to remand, a defendant bears the burden of establishing proper removal and federal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

As noted, "[f]ederal courts 'jealously' guard their own jurisdiction." *RDF Media Ltd. v. Fox Broad. Co.*, 372 F. Supp. 2d 556, 560 (C.D. Cal. 2005) (citing *In re Mooney,* 841 F.2d 1003, 1006 (9th Cir. 1988)). "To protect the jurisdiction of state courts, removal jurisdiction should be strictly construed in favor of remand." *Padilla v. AT&T Corp.*, 697 F.Supp.2d 1156, 1158 (C.D. Cal. 2009); *see also Harris v. Bankers Life and Cas. Co.*, 425 F.3d 689, 698 (9th Cir. 2005) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941)). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Padilla*, 697 F.Supp.2d at 1158 (quoting *Gaus*, 980 F.2d at 566).

Where, as here, the Complaint does not allege an amount in controversy, the removing party bears the burden of proving "by a preponderance of the evidence" that the amount in controversy requirement is met. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 376 (9th Cir. 1997). This

2

burden requires the removing defendant to show that it is "more likely than not" that the amount in controversy is satisfied. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

RCS makes no argument that the damages sought by Plaintiff exceed $75,000, but instead argues that the value of the injunctive relief sought by Plaintiff satisfies the amount in controversy requirement. The parties dispute how the value of the injunctive relief should be calculated. RCS says the full value of the home loan is the proper measure, while Plaintiff argues that the proper measure is the loss RCS would incur if enjoined from foreclosing on the loan for a period of time. RCS hasn't met its burden of proof on the matter.

"In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Hunt v. Wash State Apple Adver. Comm'n,* 432 U.S. 333, 347 (1977). As this Court has previously stated, it is too simplistic to argue that the "object of the litigation" is the value of the underlying loan. *See, e.g.*, *Perez v. Wells Fargo Home Mortgage, Inc.*, SACV 13-0315 AG (JPRx), 2013 WL 6876445, at *2 (C.D. Cal. April 5, 2013) ("[The Court] might question whether the $75,000 diversity threshold is met under California real property secured transactions law . . . .") Under California's anti-deficiency law, the amount available to a lender is pegged and "often limited to the value of the real property," so that "the amount involved might more accurately be the present value of the future rental stream." *Id.*; *see also* Cal. Civ. Proc. § 580b, 580d.

A recent case stated, "the test for determining the amount in controversy is the pecuniary result to either party which the judgment would directly produce." *Cross v. Home Loan Mortg. Corp.*, CV 11-04728 DMG (RZx), 2011 WL 2784417, at *2 (C.D. Cal. July 15, 2011) (quoting *In re Ford Motor Co./Citibank (S.D.), N.A.*, 264 F.3d 952, 958 (9th Cir. 2001)). Here, Plaintiff seeks to temporarily halt foreclosure while his loan modification application is processed. Were that request granted, RCS would presumably incur costs to process the loan modification. RCS might also lose interest on the loan accrued while the relief was pending, depending in part on whether the property properly can and does secure the added interest debt under California real property security law, thus creating anti-deficiency protection. These are just two possible pecuniary results that RCS could have argued but did not. Because RCS fails to argue that the possible pecuniary result to either party

exceeds $75,000, it doesn't meet its burden of proof as to the amount in controversy. *See Moreno v. Select Portfolio Servicing, Inc.*, CV-F-10-503 OWW/SKO, 2010 WL 2525980, at *8-*9 (E.D. Cal. June 23, 2010) (holding that defendant failed to establish the $75,000 amount in controversy in a lawsuit to enjoin foreclosure where it pointed only to a deed of trust securing a $448,000 loan); *see also Soto v. Litton Loan Servicing*, C 10-5099 MEJ, 2011 WL 724746 (N.D. Cal. Feb. 22, 2011); *Reed v. Chase Home Finance, LLC*, 10-0606-WS-M, 2011 WL 321737 (S.D. Ala. Jan. 28, 2011). Therefore, the Court has no jurisdiction over this matter, and must remand it to state court.

To support diversity jurisdiction, RCS also argues that FATCO is a sham or nominal defendant. The Court has additional concerns about whether such an argument is consistent with the holding of *Padilla v. AT&T Corp.*, 697 F.Supp. 2d 1156 (C.D. Ca. 2009), but these concerns need not be addressed because the $75,000 threshold for diversity jurisdiction has not been met.

Plaintiff's Motion to Remand is GRANTED. This case involving numerous aspects of California law properly belongs in California courts, and the heavy task of establishing the $75,000 threshold for diversity jurisdiction has not been met.

IT IS SO ORDERED.

DATED: March 16, 2015

_____
Andrew J. Guilford
United States District Judge

4